UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IFFAT TARA,

   *Plaintiff*,

 v.

U.S. DEPARTMENT OF STATE *et al.*,

   *Defendants*.

Civil Action No. 1: 25-cv-00800 (CJN)

**MEMORANDUM OPINION**

Plaintiff Iffat Tara, a United States citizen, petitions for a writ of mandamus compelling the State Department and other Defendants associated with the federal government to: (1) schedule immigrant visa interviews for her two brothers, both non-citizens living abroad; and (2) proceed with final adjudication of her brothers' pending immigrant visa applications. ECF No. 1 at 2. The Government moves to dismiss on multiple grounds. ECF No. 9 at 1–2. For the reasons set forth below, the Court grants the Government's motion.

**I. Background**

The Court takes the facts alleged in Tara's complaint as true to the extent that they are plausible for the purposes of resolving the Government's motion to dismiss. *Ralls Corp. v. Comm. on Foreign Inv. in U.S.*, 758 F.3d 296, 314–15 (D.C. Cir. 2014). And "[t]he Court assumes the reader's familiarity with the process and statutory background for visa applications broadly." *Memon v. Blinken*, No. 22-cv-0754, 2023 WL 1438396, at *1 (D.D.C. Feb. 1, 2023).

Tara filed "Petitions for Alien Relatives" applications on behalf of her two brothers, Sohail Anjum and Syed Rehan Anjum, on or about May 10, 2006. Compl. ¶ 18. The U.S. Citizenship and Immigration Services approved the petitions on December 16, 2008. *Id.* ¶ 19. The National

1

Visa Center invited Tara's brothers to upload documentation in December 2023 and deemed their cases "documentarily qualified" in May 2024. *Id.* ¶¶ 20–21. But Tara's brothers have received no contact related to their visa applications since. *Id.* ¶ 22. "As a result of the seemingly never-ending delay," *id.* ¶ 23, Tara filed this action on March 18, 2025, alleging that the delay in processing her brothers' applications "is well beyond the anticipated processing time expressed by Congress." *Id.* ¶ 24. She contends that the delay in scheduling her brothers' interviews—ten months from when they were deemed documentarily qualified to the date she filed her complaint—is unreasonable. And she seeks an order compelling Defendants to schedule interviews with her brothers and adjudicate their applications within 60 days. *See id.* ¶¶ 25–43 and page 10.

The Government moved to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Although she is represented by counsel, Tara has not filed a response.

## II.     Legal Standard

A court considering a Rule 12(b)(1) motion must "assume the truth of all material factual allegations in the complaint and construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged." *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (citation and internal quotation marks omitted). Similarly, to survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*

## III.     Analysis

Because Tara cannot meet the requisite standard to obtain mandamus relief, her case must be dismissed. "[M]andamus is 'drastic'; it is available only in 'extraordinary situations.'" *In re*

2

*Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (en banc) (citations omitted). "A court may grant mandamus relief only if: (1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *Lovitky v. Trump*, 949 F.3d 753, 759 (D.C. Cir. 2020).[1]

"To state a claim for unreasonable delay, [a plaintiff] must first allege that the agency failed to take a discrete agency action that it is required to take, and, second, that the delay was unreasonable." *Da Costa v. Immigr. Inv. Program Off.*, 80 F.4th 330, 340 (D.C. Cir. 2023) (citation and internal quotation marks omitted). "The central question in evaluating a claim of unreasonable delay is whether the agency's delay is so egregious as to warrant mandamus." *In re Core Commc'ns, Inc.*, 531 F.3d 849, 855 (D.C. Cir. 2008) (citation and internal quotation marks omitted). Although "[t]here is no *per se* rule as to how long is too long to wait for agency action," *In re Am. Rivers & Idaho Rivers United*, 372 F.3d 413, 419 (D.C. Cir. 2004) (citation and internal quotation marks omitted), courts evaluating unreasonable delay claims apply six factors set forth in a case known as "*TRAC*," which dictate:

> (1) the time agencies take to make decisions must be governed by a rule of reason; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or

---

[1] In addition to her mandamus claim, Tara also sues under the Administrative Procedure Act, 5 U.S.C. § 555(b). "Courts review claims of unreasonable delay in processing immigration petitions under the APA according to the same standard as under the Mandamus Act," *Niyomwungere v. Blinken*, No. 24-cv-1990, 2024 WL 5075827, at *2 (D.D.C. Dec. 11, 2024), because "[t]he central question in evaluating a claim of unreasonable delay is whether the agency's delay is so egregious as to warrant mandamus." *In re Core Commc'ns, Inc.*, 531 F.3d 849, 855 (D.C. Cir. 2008) (citation and internal quotation marks omitted). In other words, the elements of Tara's mandamus claim largely overlap with the elements of her APA claim for unreasonable delay, so the court evaluates both claims together. *See Niyomwungere*, 2024 WL 5075827, at *2.

> competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not find any impropriety lurking behind agency lassitude in order to hold that agency action is unreasonably delayed.

*Telecommunications Research & Action Center v. FCC*, 750 F.2d 70, 80 (D.C. Cir. 1984) (citations and internal quotation marks omitted); *see also Dastagir v. Blinken*, 557 F. Supp. 3d 160, 164 (D.D.C. 2021).

### A. Factors 1 and 2

Courts typically consider *TRAC* factors one and two together. *Dastagir*, 557 F. Supp. 3d at 165. The first, which has been called the "most important," *id.*, asks "whether the agency's response time . . . is governed by an identifiable rationale." *Ctr. for Sci. in the Pub. Int. v. FDA*, 74 F. Supp. 3d 295, 300 (D.D.C. 2014). The second—whether Congress has provided a timetable—"may supply content for th[e] rule of reason." *TRAC*, 750 F.2d at 80. Both factors favor the Government here.

The relevant period of delay is the time since the case became "documentarily qualified" and ready for an interview—here, May 2024. Compl. ¶ 21. At the time this case was filed, the delay was approximately ten months. But "there is no deadline for the [Pakistan] Embassy to adjudicate [Tara's brothers'] visa application[s]," so, "[w]ith no set timeline" provided by Congress in which consular officials must schedule interviews, "the Court looks to case law for guidance." *Dastagir*, 557 F. Supp. 3d at 165. And "[c]ourts have regularly found that a waiting time like [Tara's brothers'] is not unreasonable." *Palakuru v. Renaud*, 521 F. Supp. 3d 46, 52 (D.D.C. 2021) (citing cases). In *Zandieh v. Pompeo*, for example, another judge in this district held that a 29-month delay did not justify mandamus relief. No. 20-cv-919, 2020 WL 4346915, at *7 (D.D.C. July 29, 2020); *see also Mirbaha v. Pompeo*, 513 F. Supp. 3d 179, 185–86 (D.D.C. 2021) (27-month delay).

4

Further, "Congress has given the agencies wide discretion in the area of immigration processing." *Skalka v. Kelly*, 246 F. Supp. 3d 147, 153–54 (D.D.C. 2017) (noting two-year delays in immigration visa processing "do[] not typically require judicial intervention"). "Decisions regarding the admission of foreign nationals are granted an especially wide degree of deference, as they frequently implicate relations with foreign powers, or involve classifications defined in the light of changing political and economic circumstances." *Didban v. Pompeo*, 435 F. Supp. 3d 168, 176 (D.D.C. 2020) (citations and internal quotation marks omitted). The Court can thus not say that the delay in processing Tara's brothers' applications "is so egregious as to warrant mandamus." *TRAC*, 750 F.2d at 79.

### B.     The Remaining *TRAC* Factors

Next, the Court considers the fourth *TRAC* factor, or "the effect of expediting delayed action on agency activities of a higher or competing priority." *Id.* at 80. Under this factor, the Court may deny relief "where," as here, "a judicial order putting [Tara's brothers] at the head of the queue [would] simply move all others back one space and produce no net gain." *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1100 (D.C. Cir. 2003) (internal quotation marks omitted). Courts routinely reject such judicial reordering of agency priorities, noting that it results in "no net gain" and unfairly prejudices other similarly situated applicants. *See Tate v. Pompeo*, 513 F. Supp. 3d 132, 149–50 (D.D.C. 2021). Here, the Government has established—without rebuttal from Tara—that granting her petition would simply place her brothers at the head of the queue, moving others back one space, and thereby produce no gain. *See* Govt. Mot. at 22–23.

The third and fifth factors consider Tara's health and welfare and the impact of further delay. *TRAC*, 750 F.2d at 80. Tara alleges emotional stress and the pain of separation from her brothers. Compl. ¶ 3, 23. But such hardships are inherent in the immigration process and common

5

to all families facing similar backlogs. *See Palakuru*, 521 F. Supp. 3d at 53. Without allegations of unique or extreme health or safety emergencies that distinguish this case from the many others pending, those factors do not tip the scale in Tara's favor. *See id.* ("At most, these factors would weigh only slightly in support of finding an unreasonable delay. They are not enough to overcome the other factors that weigh strongly in the Government's favor.").

Finally, as to the sixth factor, while Tara suggests frustration with the lack of communication and the length of the visa approval process, this does not amount to an allegation of misconduct. So "[t]he sixth factor does not apply because [Tara] make[s] 'no allegations regarding the Government's motivations.'" *Mirbaha*, 513 F. Supp. 3d at 186 (quoting *Didban*, 435 F. Supp. 3d at 177).

In short, considering the *TRAC* factors together, Tara has failed to state a claim for unreasonable delay.[2]

## IV.   Conclusion

For the foregoing reasons, the Court grants the Government's Motion to Dismiss. The claims against Secretary Noem are dismissed under Rule 12(b)(1) and the remaining claims are dismissed under Rule 12(b)(6). A separate Order will issue consistent with this Opinion.

DATE: January 6, 2026

CARL J. NICHOLS
United States District Judge

---

[2] The Government also argues that the Court lacks subject-matter jurisdiction over the claims against Secretary Noem because the Department of Homeland Security has already completed its role in the visa process. The Court agrees that because Tara has not alleged any pending duty owed by DHS, Tara's claims against Secretary Noem are moot. *See Khanom v. Kerry*, 37 F. Supp. 3d 567, 574 & n.5 (E.D.N.Y. 2014).